# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 08-0384 LJO |
| Plaintiff, | **ORDER ON MOTION FOR 28 U.S.C. § 2255 AND RELATED RELIEF** |
| vs. | (Docs. 248-250.) |
| KAREN JEAN FREYLING, | |
| Defendant. | |

## INTRODUCTION

Defendant Karen Jean Freyling ("defendant") is a federal inmate and proceeds pro se to seek 28 U.S.C. § 2255 ("section 2255") and related relief based on ineffective assistance of trial and appellate counsel (collectively "defense counsel"). This Court considered defendant's papers on the record and DENIES defendant section 2255 and other requested relief.

## BACKGROUND

After a jury trial, defendant was convicted for conspiracy, fraud, smuggling and other offenses related to sales of unauthorized DVDs over the internet as well as Social Security fraud. After remand from the Ninth Circuit Court of Appeals, defendant was sentenced to 73 months imprisonment, and a second amended judgment was entered on March 30, 2012. At her March 19, 2012 resentencing, defendant testified:

1

1. "I want to thank my lawyer, Carolyn Wiggin. She has done a fantastic job . . ."
2. "[T]his was totally, totally wrong," referring to her sales of unauthorized DVDs;
3. "I take full responsibility for my actions";
4. "We knew we should not have done this";
5. "It was wrong. And I'm sorry. I am so sorry";
6. "We do know it was wrong. I have even told my children numerous, numerous times we were wrong. We were wrong";
7. "When we found out, we should have stopped. We should have stopped . . ."
8. "I did wrong. I did terribly wrong."

At resentencing, defense counsel acknowledged: "I think Ms. Freyling clearly broke the law, committed fraud, counterfeited. . . . She is admitting it."

On August 24, 2012, defendant filed papers seeking section 2255 and related relief. Defendant faults her defense counsel's handling of incriminating and mitigating evidence and other matters.

## DISCUSSION

### *Ineffective Assistance Of Counsel*

Although defendant's papers include dozens of pages, their main thrust is that defense counsel mishandled incriminating and mitigating evidence.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 842 (1983); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78

F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). A defendant may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because the outcome may have been different but for counsel's errors. *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842. Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the petitioner as a result of the alleged deficiencies. *Strickland*, 466 U.S. at 697. Since it is necessary to prove prejudice, any deficiency that does not result in prejudice must necessarily fail.

***Trial Counsel***

Generally, trial counsel has the "duty to make reasonable investigations or to make a reasonable

3

decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052. "Strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91, 104 S.Ct. 2052. If an attorney is not aware of facts that would alert him to the need to conduct a particular investigation, a failure to investigate is not deficient performance. *Alcala v. Woodford*, 334 F.3d 862, 893 (9th Cir.2003)

Moreover, difference in opinion as to trial tactics does not constitute denial of effective assistance, *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir.), *cert. denied sub. nom.*, *Dondich v. United States*, 454 U.S. 1127 (1981), and tactical decisions are not ineffective assistance simply because in retrospect better tactics are known to have been available. *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).

Failure to make a motion or to object is not ineffectiveness if the claim lacked merit. *James*, 24 F.3d at 26 (9th Cir. 1994); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985), *cert. denied*, 474 U.S. 1085, 106 S.Ct. 860 (1986). "Defense counsel need not request instructions inconsistent with its trial theory." *Butcher v. Marquez*, 758 F.2d 373, 377 (9th Cir. 1985); *see also United States v. Stern*, 519 F.2d 521, 524-525 (9th Cir.), *cert. denied*, 423 U.S. 1033, 96 S.Ct. 565 (1975)(reasoned tactical decisions are not faulted even if in retrospect better tactics were available); *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir.), *cert. denied*, 469 U.S. 838, 105 S.Ct. 137(1984).

### *Appellate Counsel*

Claims of ineffective assistance of appellate counsel are reviewed according to *Strickland*'s two-pronged test. *Miller v. Keeney*, 882 F.2d 1428, 1433 (9th Cir.1989); *United States v. Birtle*, 792 F.2d 846, 847 (9th Cir.1986). To prevail, a defendant must show that:

1. Appellate counsel's deficient performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687-88, 104 S.Ct. 2052, 2064; and

2. Defendant suffered prejudice in that there was a reasonable probability that, but for counsel's unprofessional errors, defendant would have prevailed on appeal. *Strickland*, 466 U.S. at 694.

4

The relevant inquiry is not what counsel could have done; rather, it is whether the choices made by counsel were reasonable. *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir.1998). The presumption of reasonableness is even stronger for appellate counsel because appellate counsel has wider discretion than trial counsel in weeding out weaker issues; doing so is widely recognized as one of the hallmarks of effective appellate assistance. *Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989). Appealing every arguable issue would do disservice because it would draw an appellate judge's attention away from stronger issues and reduce appellate counsel's credibility before the appellate court. *Miller*, 882 F.2d at 1434. Appellate counsel has no constitutional duty to raise every nonfrivolous issue requested by petitioner. *Miller*, 882 F.2d at 1434, n.10 (citing *Jones v. Barnes*, 463 U.S. 745, 751-54, 103 S.Ct. 3308 (1983)).

Vague and speculative assertions that defense counsel was ineffective does not warrant section 2255 relief. *See United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986), *cert. denied*, 479 U.S. 1094, 107 S.Ct. 1309 (1986).

In essence, defendant appears to fault defense counsel's failure to guarantee a finding of her innocence. Defendant offers nothing meaningful to demonstrate erosion of her Sixth Amendment right to counsel or that defense counsel prejudiced her defense, especially given at resentencing defendant's admissions of wrong and acknowledgment of defense counsel's "fantastic job." Nothing suggests that defense counsel made errors so serious as not to function as Sixth Amendment guaranteed counsel, especially considering defendant's conviction to the numerous charges against her. Defendant points to neither unreasonableness of her defense counsel nor to a reasonable probability of a different result. Defendant offers nothing to substantiate a better result had defense counsel acted differently. This Court is not in a position to grant defendant a windfall and unwind the capable representation of defense counsel. Defendant fails to substantiate an ineffective assistance of counsel claim based on defense counsel's handling of incriminating and mitigating evidence.

In addition, defendant's papers appear to raise other complaints, including defense counsel's handling of jury instructions, verdict and sentencing. Similar to her complaints about incriminating and mitigating evidence, defendant's other complaints are unclear. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26

(9th Cir. 1994). Vague and speculative assertions that defense counsel was ineffective does not warrant section 2255 relief. *See United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986). Despite their length, defendant's papers lack specific facts of ineffective assistance of counsel, and thus defendant is not entitled to section 2255 relief.

### Retroactive Application Of Sentencing Guidelines

Defendant's papers appear to further seek to reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) ("section 3582(c)(2)") based on retroactive application of an amendment to the U.S. Sentencing Guidelines ("USSG").

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." *United States v. Hicks*, 472 F.3d 1167, 1169 (9th Cir. 2007). Section 3582(c)(2) creates an exception to modify a prison term if: (1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009) (quoting section 3582(c)(2)).

USSG § 1B1.10 addresses prison term reduction as a result of an amended guideline range and excludes a reduction under section 3582(c)(2) if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

Defendant fails to demonstrate that she is entitled to a sentence reduction based on amendment to applicable guideline range.

### Appointment Of Counsel And Other Relief

Given denial of section 2255 relief and a sentence reduction, defendant is not entitled to appointment of counsel or other relief sought by her papers.

### Certificate Of Appealability

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a

different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A COA is improper.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant section 2255 or other relief requested in her papers (docs. 248-250) and FURTHER DENIES defendant a COA. The clerk is direct to close any civil action opened in connection with defendant's 2255 papers.

IT IS SO ORDERED.

**Dated: August 30, 2012**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE